SAMUEL, Judge.
Plaintiffs instituted this suit, for personal injuries received in an automobile accident, against the driver of the other vehicle involved and his employer. Defendants have suspensively appealed from a judgment in favor of plaintiff driver, Carl Christoff, in the sum of $5,968 (consisting of $2,880 for loss of wages, $588 in medical expenses, and $2,500 in general damages) and in favor of a guest passenger, Nathaniel Christoff, in the sum of $4,886 ($2,880 in loss of wages, $506 in medical expenses, and $1,500 in general damages).
The accident occurred on February 22, 1980. The two plaintiffs were taken from the scene to a hospital emergency room. On February 26,1980 they were seen by Dr. Wilmot Ploger. Plaintiff driver was treated over a period of 5V2 months for neck, left shoulder and back injuries and headaches. Muscle spasm in the neck was indicated in the first visit. Treatment consisted of heat, rest and medications. He was seen on nine occasions and discharged July 30, 1980.
The guest passenger was treated by Dr. Ploger from February 26 to May 20,1980, a total of seven visits, for neck, back and right elbow injuries. Treatment consisted of heat, medication and, briefly, a cervical collar. This patient also exhibited muscle spasms initially.
Both plaintiffs are welders. They were unemployed at the time of the accident, one because of a disagreement with a foreman about two weeks before the accident, and the other because the job on which he had been working concluded the day before the accident. They were advised by the doctor not to seek other jobs until their injuries had improved to the extent that they could return to work. At the end of nine weeks they were advised they could return to work. Thereafter, they did find employment.
In this court appellants contend: (1) The evidence is insufficient to show plaintiffs sustained any injuries or lost any wages as a result of the accident; and, alternatively, (2) the awards are excessive. We do not agree with either contention.
Appellants’ first contention is based upon the fact that their truck sustained very little damage as a result of the accident. We are unimpressed with this contention. The gas tank of defendants’ sizea-ble truck was ruptured when that vehicle struck the rear of the plaintiff vehicle (a Chevrolet car) and, in any event, damage to the vehicles is not necessarily material insofar as personal injury to the occupants of the vehicles is concerned.
While we agree plaintiffs’ injuries were of a minor nature, we believe the general awards reflect this and come within the much discretion granted to the trial court under Civil Code Article 1934, subd. 3, and Coco v. Winston Industries, Inc., La. 341 So.2d 332, and its progeny. Here the record does not “clearly reveal that the trier of *1155 fact abused its discretion in making its award.”
We also agree that the court award for loss of wages, based on an hourly rate of $9 per hour for the time in which plaintiffs were incapable of being employed, is correct and in accord with the Supreme Court holding in Folse v. Fakouri, La., 371 So.2d 1120.
Only by way of brief, appellees argue this appeal is frivolous and without merit and therefore they should be awarded attorney’s fees and penalties. We are unable to address this request as appellees have neither appealed nor answered defendants’ appeal as required by LSA-C.C.P. Art. 2133.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.